UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

FILED
98 DEC 15 AM 8:46
N.D. OF ALABAMA

| | |
|---|---|
| M. E. WILLIAMS, | ) |
| Plaintiff, | ) |
| vs. | ) Civil Action No. 97-S-3107-NE |
| ASTRA MERCK, INC., | ) |
| Defendant. | ) |

ENTERED
DEC 15 1998

## MEMORANDUM OPINION

Plaintiff commenced this action in the Circuit Court of Cullman County Alabama, alleging four counts including products liability claims sounding in tort, and claims based upon the Alabama Extended Manufacturer's Liability Doctrine. Plaintiff alleges she suffered adverse reactions to a drug that defendant manufactures. Defendant removed the action to this court on November 26, 1997. This action presently is before the court on defendant's motion for summary judgment.

Plaintiff has not responded to defendant's motion. When a motion for summary judgment is made and supported as provided by the Federal Rules of Civil Procedure,

> an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.



Fed. R. Civ. P. 56(e). "There is no genuine issue for trial unless the non-moving party establishes, through the record presented to the court, that it is able to prove evidence sufficient for a jury to return a verdict in its favor." *Cohen v. United American Bank of Central Florida*, 83 F.3d 1347, 1349 (11th Cir. 1996) (affirming grant of summary judgment where non-movant "failed to present evidence to prove their claim[, and] ... did not supplement the allegations of the complaint with affidavits, file a memorandum in opposition to the motion for summary judgment, or otherwise comply with Rule 56(e) on a timely basis").

Defendant argues summary judgment is due to be granted as to each of plaintiff's claims. Upon review of the pleadings and defendant's motion, evidentiary submissions,[1] brief, and the authorities cited therein, and viewing the evidence in a light most favorable to plaintiff, this court concludes that defendant's arguments are correct as to all of plaintiff's claims. Moreover, as plaintiff has made no effort to supplement the record or

---

[1] In the absence of any evidentiary submissions by plaintiff, the court relies on defendant's exhibits, which include portions of plaintiff's deposition, the affidavit and curriculum vitae of defendant's proposed expert Robert S. Stern, M.D., defendant's designation of experts, and certain medical records of plaintiff.

2

otherwise meet her Rule 56 burden, despite notice that she should do so,[2] summary judgment is appropriate.

Accordingly, the court adopts defendant's arguments as its own, and finds defendant's motion is due to be granted. An order consistent with this memorandum opinion will be entered contemporaneously herewith.

DONE this  15th  day of December, 1998.

_____
United States District Judge

---

[2] The court notes plaintiff was given notice of the dates by which she should submit any materials in opposition to defendant's motion: see submission order entered October 30, 1998 (Doc. No. 12). Therefore, plaintiff cannot contend that she was unaware of her burdens under Rule 56 of the *Federal Rules of Civil Procedure*.

3